McKlNNEY, J.,
delivered the opinion of the Court.
This was an action of trover, brought by Harrison against Burke, for the conversion of two work steers.
The record presents the following state of facts: W. E. Nunnelly desired to purchase the steers in question from Cathcart, to whom they _ belonged; but the latter refused to sell them unless Nunnelly would give Harrison, the plaintiff, as security for the purchase money. The price demanded for the steers was sixty-five dollars, payable at six months. To induce Harrison to become his *242 surety for tbe payment of the price of the steers to Cathcart, Nunnelly proposed that the steers should be the property of Harrison until he, Nunnelly, paid the purchase money to Cathcart: Nunnelly to have the possession and use of the steers in the meantime, and if he failed to pay the money to Cathcart, at the time it fell due, he was to give up the possession of the steers to Harrison and they were to remain the property of the latter. To this proposition, Harrison assented, and, accordingly, a note for the price of the steers was executed by Nun-nelly, with Harrison as surety, and was delivered to Cathcart, and thereupon Nunnelly received the steers into his possession. Nunnelly failed to pay the money at the maturity of the note, and Harrison had it to pay. After the expiration of the six months, and after payment of the note given for the steers, by Harrison, Burke, as sheriff, seized and sold said steers, as the property of Nunnelly, in whose possession they remained, to satisfy a judgment recovered by one Col-ville against the former.
On the trial the plaintiff, Harrison, recovered the value of the steers; from which judgment, Burke appealed in error.
The question made here, grows out of what is supposed to be the true nature and legal effect of the transaction, and the conclusion deduced by the counsel for the plaintiff in error is, that although, as between the parties, the agreement may have been valid, and effectual to create a lien in favor of Harrison upon the steers, yet, as to the creditors of Nunnelly, a subsequent bona fide purchaser from him without notice, it was null and void.
*243 The argument is, that as between Cathcart and Nun-nelly, the title to the steers passed directly from the former to the latter and vested in him, and that the transaction, as between Nunnelly and Harrison, was merely a parole mortgage; and .being so, was void as against the creditor of Nunnelly, ^ in whose behalf the plaintiff in error seized and sold the property. • And this position is based upon the Registry Act of 1831, ch. 90, sections 1 and 12.
Whether or not this is a legitimate conclusion, from the premises assumed in the argument, we need not now determine: because in our opinion the premises are unwarranted by the facts as proved, in the record. We think it clear that no title to the property ever vested in Nunnelly, but that it passed by the mutual assent of all the parties from Cathcart directly to Harrison, from whom in reality the consideration must 'be regarded as having passed, inasmuch as Cathcart positively refused to part with the property except upon the credit and responsibility of Harrison.
True, there was a- condition attached to the agreement, that upon payment of the note to Cathcart at maturity, the property should become Nunnelly’s. This condition, it is admitted, was not performed; and without performance, Harrison’s title could not be divested. What legal consequences might have followed from this view of the nature and effect of the agreement in certain possible events that might have happened, but did not, we will not now undertake - to state,.- as the case before us does not require it. Whatever may be the exact legal character of the transaction, it is clear that even before the breach of the condition, by Nunnelly’s *244 failure to pay the money at tbe maturity of the note, neither he nor any creditor of his could assert a title to the property, as against Harrison, without at least payment, or tender of the amount of the note due to Oathcart.
Whether* after breach of the condition, and payment of the money by Harrison, any right existed in fayor of Nunnelly upon a tender to Harrison of the amount by him paid to Oathcart, is a question which, though mooted, is not raised upon the record.
We are of opinion that there is no error in the judgment, and it is affirmed.